**Willis J. POIRRIER, Jr., Clement Jasmin, Individually and as representatives of John Does and Jane Does, similarly situated, Plaintiffs-Appellants,**

v.

**ST. JAMES PARISH POLICE JURY, Paul Keller, etc., et al., etc., Defendants-Appellees.**

No. 75–1058.

United States Court of Appeals, Fifth Circuit.

Aug. 26, 1976.

Paul G. Aucoin, Vacherie, La., for plaintiffs-appellants.

Charles S. Becnel, First Dist. Atty., 23rd Judicial Dist., Vacherie, La., for Keller & St. James Police.

ON PETITION FOR REHEARING

(Opinion May 7, 1976, 5 Cir. 1976, 531 F.2d 316)

Before MORGAN, CLARK and TJOF-LAT, Circuit Judges.

PER CURIAM:

 The issues raised in the petition for rehearing filed in the above entitled and numbered cause were properly disposed of by the District Court in its order of March 18, 1974, which we set out in the appendix to this opinion. IT IS ORDERED that the petition for rehearing be and the same is hereby DENIED.

APPENDIX

*Order Granting Certain Motions*

The Court has now ruled on the motions to dismiss and for summary judgment filed by all parties except for those brought by the local authorities, the St. James Parish Police Jury and the St. James Parish Hospital Board. For the reasons noted briefly below, these motions are GRANTED.

This action now proceeds against only the Secretary of Health, Education and Welfare, as a claim for judicial review of the administrative actions he has taken or failed to take with respect to the St. James Parish West Bank Hospital. This theory of law will not, however, support an action against the local officials, since they are not a part of the Department and cannot be charged with responsibility for its actions. Only if the complaint states an independent claim against the parochial bodies can they properly be joined as defendants in this lawsuit.

The plaintiffs suggest such a theory, asking the Court to find that the Hill-Burton Act, 42 U.S.C. § 291 et seq., gives them an implied right to sue to force the opening of the hospital built to serve them. As authority, they cite a number of cases holding that indigents may sue to enforce the community service assurances local agencies must give in order to secure Hill-Burton funds. See, e. g., *Euresti v. Stenner*, 10 Cir. 1972, 458 F.2d 1115. As the Court noted in its opinion denying the Secretary's motion for summary judgment, however, a ruling that indigents may sue to enforce a particular contractual assurance is not the same as a determination that any resident may sue to enforce an implied, "main purpose" clause of an agreement. The difference is in fact critical and, for the reasons outlined in that previous opinion, the Court is reluctant to extend so far the scope of the implied right of action the Act creates. In addition, courts generally hesitate to imply a civil remedy when other relief is available to protect the rights at stake. In this case, the Court has just concluded that the plaintiffs have a remedy against the Secretary of Health, Education and Welfare. See Note, Implying Civil Remedies from Federal Regulatory Statutes, 77 Harv.L.Rev. 205 (1963). That should be adequate to protect their interest.